IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ROLAND CASTELLANOS, | : | MOTION TO VACATE |
| BOP No. 62970-019, | : | 28 U.S.C. § 2255 |
|    Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:11-CR-22-HLM-WEJ-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 4:18-CV-67-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Movant, Roland Castellanos, submitted a "Motion to Vacate and Set Aside Judgment Pursuant to 28 U.S.C. § 2255" ("Motion to Vacate") [574]. The government filed a Response [578], and movant filed a Reply [582]. Following an evidentiary hearing, the parties filed Briefs [624, 638, 657, 658, 659]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate [574] be **DENIED**.

### I.   PROCEDURAL HISTORY

On March 26, 2014, a jury convicted movant of the following offenses: (1) conspiracy to possess with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; (2) maintaining a place for unlawful drug distribution, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(1); (3) conspiracy to commit

money laundering, in violation of 18 U.S.C. § 1956(h); (4) money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i) & (B)(i); and (5) engaging in a monetary transaction derived from unlawful activity, in violation of 18 U.S.C. § 1957 [196, 280].

On June 24, 2014, Senior United States District Court Judge Robert L. Vining, Jr., filed the Second Amended Judgment and Commitment, sentencing movant to 180 months of imprisonment, followed by three years of supervised release [340]. On February 13, 2017, the United States Court of Appeals for the Eleventh Circuit affirmed [563]. See United States v. Votrobek, 847 F.3d 1335 (11th Cir. 2017) (consolidated appeal). Movant did not seek certiorari in the United States Supreme Court. (Mot. Vacate 3.)

On March 16, 2018, movant timely filed the Motion to Vacate. (Mot. Vacate 18; Resp. [578] 2 n.2.) Movant claims that trial counsel, Lawrence R. Zimmerman and Michael J. Trost, provided ineffective assistance by failing to (1) "advise [movant] to accept the government's [final] plea offer," and (2) "investigate and plan [his] defense in accordance with Eleventh Circuit law." (Mot. Vacate 8-9.) The undersigned held an evidentiary hearing on movant's claims on September 13, 2018 [603].

## II.   STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)).

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1)

3

"counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first prong of Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." Id. at 697.

### III.  DISCUSSION

Movant claims that trial counsel provided ineffective assistance by failing to (1) "advise [movant] to accept the government's [final] plea offer," and (2) "investigate and plan [his] defense in accordance with Eleventh Circuit law." (Mot. Vacate 8-9.) Specifically, movant alleges that counsel incorrectly advised him to reject the final plea offer because "his pre-arrest contact with a Special Agent from

the Georgia Bureau of Investigation formed the basis for an entrapment-by-estoppel defense, and . . . such a defense would likely be successful." (Id. at 12.)

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012). When counsel's incompetent advice causes a defendant to reject a plea offer and go to trial, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164; see also Missouri v. Frye, 566 U.S. 134, 147-49 (2012).

In the present case, the government offered to recommend the following sentences in exchange for movant's guilty plea on the following dates: (1) a twenty-year sentence, on approximately November 21, 2012; (2) a fifteen-year sentence, on approximately January 18, 2013; and (3) an eight-year sentence, on January 24, 2013. (Gov't Br. [638] 5.)

At the evidentiary hearing, counsel testified that they informed movant of all three offers and recommended that he plead guilty because they did not believe that

he would win at trial. (Gov't Br. [638] 6-8.) Counsel testified that they informed movant that an entrapment-by-estoppel defense would not succeed because (1) he did not receive an affirmative representation from a federal agent that his actions were legal, and (2) his decision not to testify made it impossible for counsel to lay the foundation for the defense. (Id. at 9-12, 18-20.) Counsel further testified that movant rejected all three offers because he denied guilt, wanted to go to trial, and did not want to go to prison. (Id.) Counsel also testified that movant believed his HIV-positive status meant that any prison sentence would effectively be a death sentence. (Id. at 7-8.) Counsel memorialized movant's rejection of the second and third offers in emails sent to movant and the prosecutor. (Id. at 16; Gov't Ex. 1-2 [604-1, 604-2].)

In contrast, movant testified that counsel informed him of only two offers, for sentences of fifteen and eleven years. (Gov't Br. [638] 5-6.) Movant testified that counsel advised him to go to trial because his entrapment-by-estoppel defense would be successful. (Id. at 8-9.) However, movant testified that he did not remember or only vaguely remembered various events that occurred during his criminal case. (Id. at 6, 17-18; Tr. [615] 6, 8-9, 28, 88.)

Having observed the demeanor of the witnesses and listened to their testimony, the undersigned makes the following findings. Counsel are credible

because their testimony is consistent with the record, particularly the emails they sent memorializing movant's rejection of the second and third offers. Movant is not credible because he admitted difficulty remembering various events that occurred during his criminal case. After considering all the evidence in this case, the undersigned concludes that movant has failed to meet his burden to show by a preponderance of the evidence that counsel (1) failed to advise him of the government's final plea offer, and (2) incorrectly advised him that an entrapment-by-estoppel defense would succeed. Therefore, counsel did not perform deficiently.

Movant also fails to satisfy the prejudice requirements of Lafler and Frye. The government correctly points out that there is not a reasonable probability that the final plea offer would have been presented to the District Court because movant would not have accepted it. (Gov't Br. [638] 20-23.) Counsel testified that movant denied guilt, wanted to go to trial, and did not want to go to prison because he is HIV-positive and believed that any prison sentence would effectively be a death sentence. An offender's denial of guilt throughout the proceedings weighs against his later claim that he would have accepted a specific plea offer. See Osley v. United States, 751 F.3d 1214, 1224-25 (11th Cir. 2014) (citing cases). In light of his consistent denial of guilt, movant fails to show a reasonable probability that he would have accepted the government's final plea offer instead of going to trial.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

IV. <u>**CERTIFICATE OF APPEALABILITY**</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

8

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### V.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [574] be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 4:18-cv-67-HLM-WEJ be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 26th day of March, 2020.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE