IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ROLAND CASTELLANOS,

v.

UNITED STATES OF
AMERICA.

CRIMINAL FILE NO.
4:11-CR-022-03-HLM-WEJ

CIVIL FILE NO.
4:18-CV-0067-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [574], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [679], and on Petitioner's Objections to the Final Report and Recommendation [682].

I.   **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.  Background

The Court finds that Judge Johnson accurately set forth the procedural background for this case. (Final Report &

Recommendation (Docket Entry No. 679) at 1-2.) The Court incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein, and it adds only those background facts that are relevant to this Order.

On March 26, 2020, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 679.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

Petitioner filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 682).) The Court finds that no response to those Objections from the Government is necessary, and it concludes that the matter is ripe for resolution.

## III.  Applicable Standard

Judge Johnson accurately set forth the standards governing § 2255 Motions and ineffective assistance of counsel claims. (Final Report & Recommendation at 3-4.) The Court applies

3

those same standards when evaluating Petitioner's § 2225 Motion. To the extent that Petitioner objects to the standards set forth in the Final Report and Recommendation, the Court overrules the objection.

## IV.  Discussion

Petitioner raises two claims in his § 2255 Motion: (1) a claim that his counsel provided ineffective assistance by failing to advise Petitioner to accept the Government's final plea offer of eight years of imprisonment; and (2) a claim that his counsel provided ineffective assistance by failing to investigate and plan Petitioner's defense, including an entrapment by estoppel defense, according to Eleventh Circuit law.

Judge Johnson correctly set forth the standard governing ineffective assistance of counsel claims, including claims relating to plea offers. (Final Report & Recommendation at 4-5.) The Court applies that standard when evaluating Petitioner's claims.

4

To the extent that Petitioner objects to the standard set forth by Judge Johnson, the Court overrules the objection.

Judge Johnson accurately summarized the testimony given at the evidentiary hearing. (Final Report & Recommendation at 5-6.) Judge Johnson then made findings as to credibility, noting that Petitioner's former counsel provided credible testimony and that Petitioner did not provide credible testimony. (Id. at 6-7.) Given those determinations, Judge Johnson found that Petitioner failed to meet his burden to show by a preponderance of the evidence that counsel failed to advise him of the Government's final plea offer or that his counsel incorrectly advised him that an entrapment by estoppel defense would succeed. (Id. at 7.) Judge Johnson therefore concluded that Petitioner failed to show that his counsel performed deficiently. (Id.)

Petitioner objects to this portion of the Final Report and Recommendation. (Objs. at 1-12.) Specifically, Petitioner objects to Judge Johnson's conclusions that: (1) his counsel

5

transmitted three pleas to Petitioner and informed him of their contents; (2) his counsel advised Petitioner that the entrapment by estoppel defense would not succeed; and (3) Petitioner was not credible, while his attorneys were credible.  (Id. at 1-3.) Petitioner also complains that Judge Johnson failed to consider and assess all the evidence, and he notes that the Final Report and Recommendation contains citations to the Government's brief, not to the record.  (Id. at 3-6.)

As an initial matter, the Final Report and Recommendation is not deficient simply because it cites to the Government's post-hearing brief.  Petitioner ignores that the Government's post-hearing brief contains citations to the transcript of the evidentiary hearing for Petitioner's § 2255 Motion.  (Gov't Post-Hr'g Br (Docket Entry No. 638) at 1-12).)  In any event, the Court has reviewed the transcript from the evidentiary hearing, and it finds that the citations provided by the Government are accurate. The Court therefore overrules this objection.  In the interests of

providing a complete record, however, the Court notes that the hearing transcript contains the following testimony.

Petitioner's counsel testified that: (1) they transmitted any plea agreements they received to Petitioner (Hr'g Tr (Docket Entry No. 615) at 32, 37); (2) they communicated all plea offers they received to Petitioner and discussed those offers with Petitioner, including the eight-year plea offer (id. at 43-48, 55, 56, 58, 63-65, 70-71, 79, 81); (3) they advised Petitioner that it was in his best interest to take the eight-year plea offer and encouraged him to take it (id. at 43, 53, 56, 72); (4) Petitioner had no interest in a plea and was adamant that he wanted to proceed to trial (id. at 43-44, 53, 73, 81-82);[1] and (5) Petitioner rejected all the plea offers, including the eight-year offer (id. at

---

[1] According to counsel, Petitioner had a medical condition (HIV) and did not want to serve time in prison. (Hr'g Tr. at 53, 81-82.) To the extent that Petitioner objects to the portion of the Final Report and Recommendation that relies on this testimony, the Court overrules the objection, as the hearing transcript supports it.

35-36, 44, 53, 55, 70-71).  Petitioner's counsel also testified that

they explained the estoppel by entrapment defense to Petitioner,

including any shortcomings of that defense.  (See id. at 41 ("But

we explained to [Petitioner] that there was no affirmative

representation by a federal agent and even the state agent that

what they were doing was legal which would have been an

impediment to using that defense."); id. at 42 (noting that, if

Petitioner had listened to his counsel, he would not have had the

impression that entrapment by estoppel was a good defense

"because we explained to him that that was something we would

throw up there, but certainly that was not a strong defense and

the reason why we suggested strongly that he take a plea is

because we felt, even though we would try our best and use

whatever defenses [were] available to us that in the end we

would not prevail."); 80.)   Counsel noted that they advised

Petitioner that, for the entrapment by estoppel defense to work,

Petitioner likely would have had to testify, and Petitioner made

8

clear that he had no intention of testifying.  (Id. at 41, 55, 57, 82.)
One of Petitioner's attorneys testified that counsel informed
Petitioner that the entrapment by estoppel defense was not a
strong enough defense to justify going to trial, and counsel
denied informing Petitioner that entrapment by estoppel was a
winnable defense at trial.  (Id. at 54, 56.)  Counsel also noted
that the entrapment by estoppel defense was not Petitioner's
primary defense.  (Id. at 54, 75.)  Counsel denied advising
Petitioner not to plead guilty.  (Id. at 84.)

Petitioner denied that he was ever advised of the eight-year
plea offer. (Hr'g Tr. at 8, 11, 20, 24, 27, 29, 86, 89.)  Petitioner
also claimed that his counsel led him to believe that the
entrapment by estoppel defense would succeed and that he
should go to trial.  (Id. at 89-90.)  According to Petitioner, he did
not pursue a plea because he relied on his counsel's advice
concerning the entrapment by estoppel defense.  (Id. at 12-13,
16-17.)  Petitioner claims that he would have pleaded guilty if he

had known this defense theory would not succeed or was not applicable.  (Id. at 21-22, 26.)  Petitioner also stated that he would have taken an eight-year plea if he had the agreement and had understood it.  (Id. at 90.)

Petitioner's Objections basically take issue with Judge Johnson's assessment of the evidence and with Judge Johnson's credibility determinations.  (See generally Objs.)  The Court has reviewed the transcript from the evidentiary hearing, and it does not disagree with Judge Johnson's credibility determinations.  Judge Johnson was justified in concluding that Petitioner's counsel advised him of the eight-year plea offer, that Petitioner rejected it, and that counsel did not incorrectly advise or mislead Petitioner concerning the entrapment by estoppel defense.[2] The Court therefore finds that Petitioner has not shown

---

[2] Petitioner's Objections make much of the fact that Petitioner's counsel did not have a document or e-mail showing that Government Exhibit 2, a letter summarizing Petitioner's rejection of the eight-year plea offer, was ever e-mailed to Petitioner.

by a preponderance of the evidence that his counsel failed to advise him of the Government's final plea offer or that his counsel incorrectly advised him that an entrapment by estoppel defense would succeed. Petitioner thus cannot show that his counsel performed deficiently.

Judge Johnson also concluded that Petitioner did not show prejudice from any alleged deficient performance by his counsel. (Final Report & Recommendation at 7.)   The Court agrees. Specifically, Petitioner has failed to meet his burden to show a reasonable probability that he would have accepted the

---

(Objs. at 6-8, 12.)  Judge Johnson was justified in finding that counsel e-mailed the letter to Petitioner, given counsel's testimony concerning general practices of his office. (Hr'g Tr. at 71.)   In any event, even if counsel did not actually e-mail Government Exhibit 2 to Petitioner, counsel clearly testified that they advised Petitioner of the eight-year plea offer and Petitioner declined to take it.   As previously noted, Judge Johnson reasonably credited that testimony and discredited Petitioner's testimony.  Any alleged failure to e-mail the letter to Petitioner would not require a conclusion that counsel failed to advise Petitioner of the eight-year plea offer.   The Court therefore overrules this objection.

11

Government's final plea offer instead of proceeding to trial. (Id.) Although Petitioner points to his testimony stating that he would have accepted this offer if he had known of it and if his counsel had advised him properly concerning the entrapment by estoppel defense, Petitioner's counsel gave contrary testimony. Counsel testified that Petitioner was adamant about proceeding to trial and that Petitioner did not want to be incarcerated due to his medical condition. Judge Johnson did not err in crediting the testimony of Petitioner's counsel and in discrediting Petitioner's version of events. Under those circumstances, the Court agrees with Judge Johnson that Petitioner failed to meet his burden to show prejudice.

In sum, the Court finds that Petitioner has failed to show that he is entitled to relief. The Court therefore adopts the Final Report and Recommendation and overrules Petitioner's Objections.

12

Judge Johnson also recommended that the Court decline to issue a certificate of appealability. (Final Report & Recommendation at 8-9.) The Court agrees with Judge Johnson that the resolution of Petitioner's claims is not debatable. The Court therefore declines to issue a certificate of appealability. To the extent that Petitioner objects to this portion of the Final Report and Recommendation, the Court overrules the objection.

## V. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [679], **OVERRULES** Petitioner's Objections to the Final Report and Recommendation [682], and **DENIES** Petitioner's § 2255 Motion [574]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-CV-0067-HLM-WEJ. Finally, the Court **DECLINES** to issue a

13

certificate of appealability.

IT IS SO ORDERED, this the 21st day of April, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE

14